E-FILED
Tuesday, 13 July, 2010  05:35:03 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JOSEPH A. JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  09-3227 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Joseph A. Jackson's

Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person

in Federal Custody (d/e 1) (Petition).  Petitioner Jackson states that he

received ineffective assistance of counsel because his counsel did not file an

appeal after Jackson instructed him to do so and later told Jackson that the

appeal was pending when in fact no appeal had been filed.  Jackson's

attorney, Assistant Federal Defender Douglas Beevers, denies that Jackson

asked him to file an appeal and denies that he ever told Jackson that an

appeal was pending.  For the reasons set forth below, the Court determines

that an evidentiary hearing is required to resolve this Petition.

1

## STATEMENT OF FACTS

On December 28, 2006, Jackson entered an open guilty plea to the charge of distribution of five or more grams of a mixture or substance containing cocaine base (crack).  U.S. v. Jackson, C.D. Ill. Case No. 06-30079 Minute Entry entered December 28, 2006.  On April 30, 2007, Jackson was sentenced to 209 months imprisonment.  Id., Minute Entry entered April 30, 2007.  The sentence reflected a downward departure for substantial assistance.  Id.  Beevers states that, after the sentencing, he and Jackson discussed filing an appeal.  Beevers recommended against appealing because an appeal might interfere with the possibility of the Government filing a Rule 35 motion to reduce Jackson's sentence further.  According to Beevers, Jackson agreed not to appeal.  Government's Response to Petitioner's § 2255 Motion (d/e 4) (Response), Exhibit 1, Affidavit of Douglas Beevers (Beevers Affidavit), ¶¶ 6-7.  Jackson states that, at the conclusion of the sentencing hearing, he told Beevers to pursue a direct appeal. Petition, Exhibit A, First Affidavit of Joseph Jackson.  According to Jackson, Beevers later told Jackson that the direct appeal had been filed and was pending.  Petition, Exhibit B, Second Affidavit of Joseph Jackson.

On December 19, 2008, Jackson wrote a letter (Letter) to the Court

of Appeals inquiring about the status of his appeal.  The Letter recites that Jackson told Beevers to file the appeal, and Beevers told Jackson in subsequent conversations that the appeal was pending.  Jackson asked the Court of Appeals for information on the status of the appeal.  A representative of the Court of Appeals returned the Letter to Jackson accompanied by an undated letter informing him that no appeal was on file. Petition, Exhibit D, Letter from Court of Appeals Pro Se Clerk.  The returned Letter contained a file stamp showing that the Court of Appeals received the Letter on December 22, 2008.  Petition, Exhibit C, Letter dated December 19, 2008.  Jackson claims that he thereafter wrote several letters to the Federal Defender's office inquiring about the appeal, but received no reply.  Petition, Attached Statement ¶¶ 5-7, and Exhibits E, F, & G.  The Federal Defender's office denies receiving the letters.  Response, Exhibit 2, Affidavit of Ereka Deatherage, ¶¶4-6.  Jackson states that he also wrote the Clerk of this Court on June 26, 2009, but received no response.  Petition, Attached Statement ¶ 8, and Exhibit H.  The docket in Jackson's criminal case does not indicate that the Clerk received any letter from Jackson in the summer of 2009.  Jackson then filed the Petition on September 4, 2009.

## ANALYSIS

Jackson asserts in the Petition that Beevers was ineffective because he did not file the notice of appeal after Jackson instructed him to do so. In order to receive an evidentiary hearing on his claims, Jackson must present actual proof of the allegations. Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002). See Section 2255 Rule 8(a). To establish ineffective assistance of counsel, a defendant must show: (1) his counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance resulted in prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

The failure to file a notice of appeal after a criminal defendant instructs an attorney to do so constitutes ineffective assistance of counsel per se. Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000); Castellanos v. United States, 26 F.3d 717, 720 (7th Cir. 1994).[1] In this case, Jackson states that he instructed Beevers to file a notice of appeal, and Beevers told Jackson thereafter that an appeal was pending. Beevers states that Jackson

---

[1]This assumes that the defendant did not waive his right to appeal in a plea agreement. See Nunez v. U.S., 546 F.3d 450, 456 (7th Cir. 2008). Jackson entered an open plea of guilty without any waiver of appeal rights. Case No. 06-30079 Minute Entry entered December 28, 2006.

did not instruct him to file a notice of appeal; rather, Jackson agreed not to

appeal.  Beevers further states that he never told Jackson that an appeal was

pending.  Beevers states that he had no further contact with Jackson after

the sentencing.  <u>Beevers Affidavit</u>, ¶ 8.  This factual dispute requires an

evidentiary hearing to resolve.

The Government argues, however, that no hearing is required because

the Petition is untimely.  Section 2255 states that a petition must be filed

within one year of the latest of:

> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United State is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (f)(1)-(4).  According to Jackson, Beevers told Jackson

that the appeal had been filed and was pending.  If Jackson is telling the

truth, then he did not discover the facts supporting his claim (i.e., that Beevers did not file the notice of appeal) until he received the response from the Court of Appeals to his December 19, 2008, letter.  He wrote the Court of Appeals roughly a year and eight months after his sentencing.  In light of his counsel's alleged misrepresentations, Jackson exercised due diligence in waiting that length of time before contacting the Court of Appeals directly. Under Jackson's version of the events, the one-year statute started to run on the date that he received the response from the Court of Appeals in late December 2008 or early 2009.  He filed the Petition in September 2009, well within the one-year statute.

Beevers, again, disputes Jackson's version of events.  That dispute, however, only means that the Court must conduct an evidentiary hearing to determine whether the Petition is timely, as well as whether the Petition has merit.

The Government argues that Jackson fails to present evidence to establish that he is entitled to equitable tolling of the statute of limitations. Equitable tolling, however, is not at issue.  The issue is which provision of § 2255(f) applies to determine when the statute of limitations started to run.  If Jackson's version of the events is found to be credible, then §

2255(f)(4) applies, and the statute started to run after he received the letter from the Court of Appeals in late December 2008 or early 2009. If so, the September 4, 2009, Petition is timely. If Beevers' version of the events is found to be credible, then § 2255(f)(1) applies, and the statute started to run when the judgment became final ten days after Jackson's sentencing on April 30, 2007. See Fed. R. App. P. 4(b).[2] If so, the September 4, 2009, Petition is not timely. Equitable tolling is not at issue.

THEREFORE, the Court orders an evidentiary hearing to determine the timeliness of the Petition (d/e 1), and if timely, to determine Jackson's claim that he was denied effective assistance of counsel by his trial counsel's failure to file a notice of appeal after Jackson's instruction to do so. In light of Judge Scott's anticipated retirement, the Court refers this matter to Chief Judge Michael McCuskey for reassignment. The new judge will set the matter for hearing and appoint counsel to represent Jackson at the hearing.

IT IS THEREFORE SO ORDERED.
ENTER:  July 12, 2010
                FOR THE COURT:

                                          s/ Jeanne E. Scott
                                          JEANNE E. SCOTT
                                 UNITED STATES DISTRICT JUDGE

---

[2]Rule 4(b) was revised effective December 1, 2009, to change the time to appeal from 10 days to 14 days after sentencing.